Filed 3/5/25  P. v. Phung CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PHUONG QUOC PHUNG,<br><br>    Defendant and Appellant. | G063571<br><br>(Super. Ct. No. 20CF1030)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge. Affirmed as modified.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Phuong Quoc Phung appeals from the criminal protective order imposed against him pursuant to Penal Code section 136.2, subdivision (i)(1) (section 136.2(i)(1)) after a jury found him guilty of assaulting a coworker with a semiautomatic firearm.[1] Phung contends the criminal protective order was not authorized because he did not commit a crime specified in section 136.2(i)(1). The Attorney General concedes section 136.2(i)(1) does not apply and the criminal protective order was issued in error.

We agree the trial court erred in issuing the criminal protective order. We therefore strike that order and affirm the judgment as so modified.

## FACTS

In 2020, Phung and S.S. were both employed as machinists at an engineering company. One day in late April or early May of that year, Phung told S.S. never to speak to him. A week or two later, around 8:00 a.m. on May 8, 2020, S.S. directed Phung where to discard metal shavings. Phung did not say anything and walked away. S.S. was continuing his work when Phung walked up behind him. Phung yelled at S.S. "'Didn't I tell you not to talk to me?'" S.S. responded, "'Yeah, so'" and attempted to return to his work. Phung pulled out a semiautomatic pistol, put it up to S.S.'s head, and "pushed" S.S. with it, causing S.S. to "move back a bit." S.S. turned and, as he walked away, felt a pain in the back of his head. He also heard a gunshot directly behind his head. S.S. was unsure what had happened but he was then

---

[1] All further code references are to the Penal Code unless otherwise specified.

bleeding significantly from a one and one-half inch long gash on the top of his head.

## PROCEDURAL HISTORY

In November 2023, a jury found Phung guilty of assaulting S.S. with a semiautomatic firearm in violation of section 245, subdivision (b). The jury unanimously found S.S. was hit with a gun in the commission of that offense. On November 20, 2023, the trial court issued a criminal protective order under section 136.2(i)(1), prohibiting Phung from possessing firearms or ammunition, prohibiting Phung from abusing or contacting S.S., and requiring Phung to stay away from S.S. and S.S.'s home, workplace, and vehicle. The criminal protective order provided it would expire on January 5, 2026. The trial court thereafter sentenced Phung to a three-year prison term. Phung appealed.

## DISCUSSION

Phung's only contention in this appeal is that section 136.2(i)(1) does not authorize the criminal protective order imposed by the trial court against Phung. The Attorney General agrees the trial court erred by issuing the criminal protective order and the order must be stricken.

Section 136.2(i)(1) authorizes postconviction protective orders where a defendant is convicted of a certain offense. (See *People v. Garcia* (2022) 76 Cal.App.5th 887, 901.) Section 136.2(i)(1) provides in relevant part: "When a criminal defendant has been convicted of a crime involving domestic violence, as defined in Section 13700 or in Section 6211 of the Family Code, a violation of subdivision (a), (b), or (c) of Section 236.1 prohibiting human trafficking, Section 261, 261.5, former Section 262, subdivision (a) of Section 266h, or subdivision (a) of Section 266i, a violation of Section 186.22, or a crime that requires the defendant to register pursuant to subdivision (c) of

Section 290, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime."

Phung's conviction for assaulting his coworker with a semiautomatic firearm in violation of section 245, subdivision (b) is not one of the enumerated offenses upon which a criminal protective order may be issued under section 136.2(i)(1). Phung's conviction did not involve domestic violence (§ 13700; Fam. Code, § 6211), human trafficking (§ 236.1, subd. (a)), rape (§ 261), unlawful sexual intercourse with a minor (§ 261.5), spousal rape (former § 262), pimping (§ 266h, subd. (a)), pandering (§ 266i, subd. (a)), or a violation of section 186.22. Nor did Phung's conviction require him to register as a sex offender under section 290, subdivision (c). As the trial court did not have statutory authority to issue the criminal protective order under section 136.2(i)(1) against Phung, and no party suggests the criminal protective order would have been properly issued under any statute, we must strike that order.

DISPOSITION

The criminal protective order is stricken. The judgment is affirmed as so modified.

MOTOIKE, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

4